IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL E. TURNER and<br>DONNA R. TURNER,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 1:05-1716 (JDB)<br>)<br>)<br>)<br>) |

MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS

This is a civil action in which plaintiffs allege that, beginning with tax year 1995, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.

Plaintiffs filed this complaint on August 26, 2005, and a summons was not issued to the United States. The complaint alleges that "in connection with the collection of Federal tax beginning with 'tax year' 1995", the IRS "disregarded and continue [sic] to disregard provisions" of the Internal Revenue Code. (Compl. ¶ 1.) Attached to the copy of the complaint served on the United States Attorney General, was a request to waive service of the summons. (Zarin Decl. ¶ 3.)

## **ARGUMENT**

This case must be dismissed because plaintiffs have not properly served the United States and because they have not alleged any facts which state a claim upon which relief can be granted.

1. <u>Plaintiffs Failed to Properly Serve the United States; Accordingly, This Court Lacks Jurisdiction</u>.

Service upon the United States, its agencies, or employees, is governed by Fed.R.Civ.P. 4(i), and is effected by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, DC; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed.R.Civ.P. 4(i); <u>Relf v. Gasch</u>, 511 F.2d 804 (D.C. Cir. 1975); <u>Hodge v. Rostker</u>, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States, its agencies and employees, deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. <u>Rabiolo v. Weinstein</u>, 357 F. 2d 167, 168 (7th Cir. 1966); see also <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 715 n.6

(1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. Bland v. Britt, 271 F. 2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, there is no indication that plaintiffs served anyone. The docket indicates that a summons was *not* issued to the United States. There is no indication that plaintiffs served the United States Attorney for the District of Columbia or the Internal Revenue Service. Instead, plaintiffs sent a request to waive service of the summons.1/ This service is clearly insufficient. Since the United States was not properly served as required under Rule 4(i), the complaint should be dismissed.

    2.    Plaintiffs Have Failed to State a Claim.

Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a). But, a court should dismiss a complaint when the plaintiffs can prove

---

    1/ The United States has no duty to waive service of summons. See Fed.R.Civ.P. 4(d)(2).

no set of facts in support of their claim that would entitle them to relief.  <u>Warren v. District of Columbia</u>, 353 F.3d 36, 37 (D.C. Cir. 2004).  Plaintiffs have alleged *no* facts whatsoever:  they do not specify the type of tax at issue, the specific tax years at issue, or the amount in dispute.  Accordingly, plaintiffs have failed to state a claim upon which relief can be granted.

## CONCLUSION

Because plaintiffs have failed to properly serve the United States and failed to state a claim upon which relief can be granted, their complaint should be dismissed.

DATED:   October 25, 2005

                                                Respectfully submitted,

                                                <u>/s/ Jason S. Zarin</u>
                                                JASON S. ZARIN
                                                Trial Attorney, Tax Division
                                                United States Department of Justice
                                                Post Office Box 227
                                                Ben Franklin Station
                                                Washington, DC 20044
                                                Telephone: (202) 514-0472

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Memorandum of Law in Support of United States' Motion to Dismiss has been made this 25th day of October, 2005, by mailing, postage prepaid, addressed to:

> Daniel & Donna Turner
> 97 Tower Road
> Cumming, GA 30040

/s/ Jason S. Zarin

_____

JASON S. ZARIN