UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
OCT 26 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DANIEL E. TURNER, et al.,

    Plaintiffs,

    v.

UNITED STATES,

    Defendant.

Civil Action No. 05-1716 (JDB)

## ORDER

Before the Court are several filings by plaintiffs styled as motions to submit for decision, an objection to action of the Clerk, and an objection to conversion. Plaintiffs object to the Clerk's refusal to issue the summons prepared by plaintiffs, which they have submitted for the Clerk's signature in place of the summons form the court typically uses in this district. The only substantive difference between the summons form used by the court and plaintiffs' summons is the title of the court. Plaintiffs' version refers to the court as "district court of the United States in the District of Columbia." The court summons refers to the court as "United States District Court for the District of Columbia." Plaintiffs insist on use of their own summons because they believe the United States District Court for the District of Columbia does not have authority to hear the matter. This is so, despite their decision to file this action in this court.

To further confuse matters, plaintiffs request that "the United States District Court for the District of Columbia remand the matter back to the district court of the United States." Pls. Objection to Conversion at 1. The request is confusing because this court is a district court of the United States. . See 28 U.S.C. § 132(a) ("There shall be in each judicial district a district court

which shall be known as the United States District Court for the district."); see also id. § 88 ("The District of Columbia constitutes one judicial district."). To the extent plaintiffs seek a district court unaffiliated with a geographical judicial district, there is no such district. See id. § 132(a). Accordingly, plaintiffs' request for a remand to "the district court of the United States" is denied. Plaintiffs are, of course, free to file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1) if they do not wish to proceed in this court -- the United States District Court for the District of Columbia.

If plaintiffs do choose to pursue this action in this court, the summons must reflect the correct name of the court. Rule 4(a) of the Federal Rules of Civil Procedure states that "[t]he summons shall . . . bear the seal of the court [and] identify the court . . . ." As discussed above, the summons submitted by plaintiffs fails to correctly identify the court. Therefore, plaintiffs' objections to the Clerk's refusal to issue plaintiffs' summons are dismissed.

For the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' request for remand to "the district court of the United States" is **DENIED**; it is further

**ORDERED** that plaintiffs' motions to submit for decision are **DENIED**; it is further

**ORDERED** that plaintiffs' objections to the court summons are dismissed; and it is further

**ORDERED** that, if plaintiffs choose to pursue this action in this court, plaintiffs shall present summons to the Clerk for signature that correctly identifies the court as the United States District Court for the District of Columbia.

/s/ John D. Bates
—————————————
JOHN D. BATES
United States District Judge

Dated:  October 25, 2005

Copies to:

Daniel E. Turner
Donna R. Turner
97 Tower Rd.
Cumming, GA 30040