Daniel E. Turner
Donna R. Turner
97 Tower RD
Cumming, GA 30040

# District court of the United States

Daniel E. Turner
Donna R. Turner

Case No. 1:05-1716(JDB)

Plaintiff(s),

v.

United States

Defendant.

### PLAINTIFFS' OPPOSITION/OBJECTION TO
### UNITED STATES' MOTION TO DISMISS
### AND PLAINTIFFS' MOTION TO STRIKE

Plaintiff opposes and objects to the United States' Motion to Dismiss and moves to

strike same as premature or in the alternative deny and give plaintiff an opportunity to

secure summonses and serve defendant.

The United States has moved to dismiss the above entitled action on grounds that

plaintiffs have failed to properly serve the United States and have failed to state a claim

upon which relief can be granted.

Defendant, United States' motion is premature. A check of the court record shows

that the court has not issued summonses and that there is no return of service showing

that the United States has been served therefore an answer from the United States is not due at this time. Additionally, plaintiff has 120 days from the filing of the complaint to serve the defendant. Such time has not expired as of this date.

Plaintiffs' complaint is supported by an affidavit containing facts sworn to by the plaintiffs. Defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by rules 12(b)(6) and 56(c) (Trinsey v. Pagliaro, D.C. Pa 1964, 229 F. Supp 647). Statements and/or decelerations[1] of counsel in their briefs or arguments while enlightening to the court are not sufficient for purposes of granting a motion to dismiss or summary judgment. Inaccurate statements of defense counsel sometimes lead to erroneous assumptions by courts. (Langford v. Monteith, 102 U.S. 145, 147). Allegations such as those asserted by plaintiffs, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. Especially when such statements are supported by affidavit.

Wherefore, for the above reasons plaintiffs demand that the court strike or in the alternative deny defendants motion to dismiss and allow plaintiff time to serve summons

---

[1] It is well settled that attorneys cannot testify in writing or in court. Defendants' attorneys declaration is not admissible under the Fed Rules of Evid. under any circumstances. Lawyers representing parties in the suit cannot testify – "lawyer testimony" is a common breach of the lawyer's professional responsibility and code of ethics. If defendants' counsel insists on providing the court with facts (other than in opening and closing statements when he may instruct the court, "The evidence will show ..." or "The evidence has shown ...") plaintiffs' insist that the attorney be sworn and testify only to those matters within the limited sphere of his own personal knowledge. If defendants' lawyer insists on being a witness for his client (as many do when they think they can get away with it), plaintiffs demand that defendants' attorney be disqualified as counsel for his client and reported to the Bar. A lawyer cannot serve as both counsel and witness in the same case.

and complaint on defendants.

Dated November  7 , 2005

Daniel E. Turner

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on Defendants' Counsel at his address of record.

Dated November  7 , 2005

Daniel E. Turner