UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED

JAN 0 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DANIEL E. TURNER, et al.,

    Plaintiffs,

    v.

UNITED STATES,

    Defendant.

Civil Action No. 05-1716 (JDB)

## ORDER TO SHOW CAUSE

Plaintiffs Daniel E. Turner and Donna R. Turner have filed a *pro se* complaint asserting their entitlement to (1) a refund of federal income taxes and (2) damages for alleged misconduct by the Internal Revenue Service ("IRS") in the collection of taxes.[1]  Upon review of the complaint, it is apparent that plaintiffs reside in Cumming, Georgia, and therefore that venue is not proper in this district because "a civil action against the United States for the recovery of ... any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws," see 28 U.S.C. § 1346(a)(1), may be brought "*only* ... in the judicial district in which the plaintiff

---

[1] Although the complaint asserts that "Plaintiff[s'] exclusive remedy is found under 26 U.S.C. § 7433," see Compl. at ¶ 23, a statute that provides taxpayers with a cause of action for damages sustained as the result of misconduct by tax-collection agents, the Court construes *pro se* complaints liberally and therefore interprets the pleading to include a claim for a tax refund under 26 U.S.C. § 7422.  Without expressing any opinion on the merits of plaintiffs' claims, the Court observes that a suit under § 7433 cannot be maintained where it alleges only the improper assessment or determination of tax liability.  See Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994); accord Miller v. United States, 66 F.3d 220, 222-23 (9th Cir. 1995); see also Gonsalves v. I.R.S., 975 F.2d 13, 16 (1st Cir. 1992).

resides," see 28 U.S.C. § 1402(a)(1) (emphasis added).[2] Where venue is improper, dismissal of the action is appropriate. See 28 U.S.C. § 1406(a). So long as the defendant has not waived the right to object to venue, the Court may on its own initiative inquire into whether venue is defective, but in such circumstances "the court may not dismiss without first giving the parties an opportunity to present their views on the issue." See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996) (citing Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir.1988)). "The district court may do so by ordering the plaintiff to show cause why the case should not be dismissed ... on the ground venue is improper, provided the district court gives all parties adequate notice and an opportunity to respond." Id. The Court, therefore, will require plaintiffs to provide an explanation why venue for this civil action is proper in the United States District Court for the District of Columbia.

Accordingly, it is this 5th day of January, 2006, hereby

**ORDERED** that plaintiffs shall by not later than January 26, 2006, show cause (in the form of a written statement filed with the Clerk of this Court under the above Civil Action Number) why venue is proper in this district. This filing deadline shall not be continued; a copy of this order will be mailed to plaintiffs. If plaintiffs fail to respond in a timely manner or fail to provide a valid basis for suit in this jurisdiction, the Court will dismiss this action without

---

[2] The complaint also requests injunctive relief, which would prevent the IRS from engaging in further collection activities until the refund and damages claims are resolved. That request, however, is barred by the Anti-Injunction Act, 26 U.S.C. § 7421, because Congress has provided the taxpayer with an adequate alternative remedy -- namely, a refund suit. See South Carolina v. Regan, 465 U.S. 367, 374-76 (1984). Where there exists such an alternative method of redress, the only exception to the injunction bar of § 7421 applies in a situation where it is apparent that "the exaction [sought by the government] is merely in 'the guise of a tax,'" and therefore that the plaintiff would be certain to prevail in a refund suit. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). There is no indication of such circumstances here.

prejudice so that plaintiffs can re-file, if they so desire, in a proper court.[3] It is further

**ORDERED** that [2] defendant's motion to dismiss, which was filed prior to plaintiffs' completion of service of process and before service was required to be completed under Rule 4 of the Federal Rules of Civil Procedure and which largely raises the defense of improper service, is **DENIED** without prejudice to renewal of any of the defenses raised therein; and it is further

**ORDERED** that [9] plaintiffs' motion to strike the motion to dismiss as premature is **GRANTED**.

JOHN D. BATES
United States District Judge

Dated: January 5, 2006

Copies to:

Daniel E. Turner
Donna R. Turner
97 Tower Rd.
Cumming, GA 30040

*Plaintiffs*

Jason Scott Zarin
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Email: jason.s.zarin2@usdoj.gov

*Counsel for defendant*

[3] Cumming, Georgia, is located in the Northern District of Georgia, Gainesville Division.