UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL E. TURNER, et al.,

    Plaintiffs,

        v.

UNITED STATES,

    Defendant.

Civil Action No. 05-1716 (JDB)

**MEMORANDUM OPINION**

Before the Court is defendant's motion to dismiss the amended complaint of *pro se* plaintiffs Daniel E. Turner and Donna R. Turner, who -- evidently in a coordinated effort with dozens of other individuals from around the country who have initiated cases in this Court based on nearly identical filings -- assert that they are entitled to damages pursuant to the Taxpayer Bill of Rights ("TBOR") for alleged misconduct by the Internal Revenue Service ("IRS") in the collection of taxes.  See 26 U.S.C. § 7433.  Defendant's motion to dismiss is based upon, among other things, plaintiffs' alleged failure to pursue administrative remedies as required by 26 U.S.C. § 7433(d)(1), which provides that "[a] judgment for damages shall not be awarded ... unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  Defendant contends that this omission by plaintiffs deprives the Court of subject-matter jurisdiction over this matter.  See Fed. R. Civ. P. 12(b)(1). For the reasons that follow, the Court will grant defendant's motion to dismiss in light of plaintiffs' admitted failure to pursue the IRS's administrative claims procedure prior to filing this damages action.

Consistent with section 7433(d)(1), the IRS has promulgated regulations that establish procedures to be followed by a taxpayer who believes that IRS officers or employees have disregarded provisions of the tax code in their collection activities.  See 26 C.F.R. § 301.7433-1. Specifically, these regulations require that an aggrieved taxpayer first submit his or her claim "in writing to the Area Director, Attn: Compliance Technical Support Manager[,] of the area in which the taxpayer currently resides," and further requires that the claim include:

    i        The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
    ii       The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
    iii      A description of the injuries incurred by the taxpayer filing the claim  (include copies of any available substantiating documentation or evidence);
    iv      The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence);  and
    v       The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e) (hereinafter "the 301.7433-1(e) procedures").  If such a claim is filed and the IRS has either issued a decision on the claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court pursuant to 28 U.S.C. § 7433(a).  See 26 C.F.R. § 301.7433-1(d)(1).  The regulations also provide for immediate filing of suit *following submission of the administrative claim* if the claim is submitted during the last six months of the two-year statute-of-limitations period.  26 C.F.R. § 301.7433-1(d)(2).

In opposing the motion to dismiss, plaintiffs do not contest defendant's assertion that they have neglected to follow the 301.7433-1(e) procedures; instead, plaintiffs assert that they need not follow the IRS's administrative procedures because doing so would be a waste of their time.  See

Pls.' Opp'n to Mot. to Dismiss at 6 ("Plaintiff[s] contend that the administrative 'remedies' purportedly provided for -- as implemented by regulation -- are at best unavailable, and at worst, wholly inadequate.").[1]

Plaintiffs' contention that there are no "administrative remedies available" to them, within the meaning of section 7433(d)(1), is belied by the regulations quoted above. Under these regulations, all that plaintiffs must do to avail themselves fully of the IRS's administrative-claims process is deliver (by U.S. mail or other means) a signed document containing the specified information to the "Compliance Technical Support Manager" for the IRS area in which they reside and then wait (at most) six months. Hence, administrative remedies are "available" unless the IRS refuses to take delivery of plaintiffs' claim, and nothing like that has been suggested here.

Plaintiffs likewise miss the mark with their arguments that the 301.7433-1(e) procedures are inadequate or that pursuit of administrative remedies would be futile. The TBOR admits of no such exceptions to its exhaustion requirement. Although plaintiffs are correct that courts sometimes relieve plaintiffs of exhaustion requirements, see, e.g., McCarthy v. Madigan, 503 U.S. 140, 146 (1992) ("[A]dministrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further."), this is true only when the exhaustion requirement is itself a judicial creation.[2] By contrast, when exhaustion is mandated by

---

[1] Plaintiffs do assert in their complaint that they "have written numerous requests for documents and authorities which require responses from the IRS" and that the "IRS has failed and/or refused to respond or has responded with frivolous responses." Compl. ¶ 9. Requesting information from the IRS is, of course, not a substitute for submitting a damages claim, as required by 26 C.F.R. § 301.7433-1(e).

[2] And, even where the exhaustion requirement is not explicitly mandated by statute, courts have said that an implied "exhaustion requirement may be waived in 'only the most exceptional

statute, courts are not free to carve out exceptions that are not supported by the text. See id. at 144 ("Where Congress specifically mandates, exhaustion is required."); Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) ("If [a] statute does mandate exhaustion, a court cannot excuse it.") (citing Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000)).[3]

Plaintiffs' appeal to this Court to exercise its inherent equitable authority is unavailing. Whatever "extraordinary powers" this Court may possess to provide equitable relief in proper cases, see Pls.' Mem. in Opp'n to Mot. to Dismiss at 5, it most certainly does not include the power to rewrite statutes, as plaintiffs suggest, see id. at 23 ("Plaintiff[s] respectfully request[] the Court exercise its equitable powers; find that Congress should not have re-imposed the exhaustion requirement."). McNeil v. United States, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous. We are not free to rewrite the statutory

---

circumstances.' ... Even the probability of administrative denial of the relief requested does not excuse failure to pursue [the administrative remedies]." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 106 (D.C. Cir. 1986) (citations omitted).

[3] The Court finds no support for plaintiffs' argument that the history of amendments to section 7433 demonstrates that Congress is ambivalent about the need for taxpayers to exhaust administrative remedies before filing suit. See Pls.' Mem. in Opp'n to Mot. to Dismiss at 2-4. These revisions certainly reflect some vacillation by Congress with respect to whether nonexhaustion should bar recovery entirely or simply result in a reduction of a damages award. See Taxpayer Bill of Rights II, Pub. L. No. 104-168, § 802(a), 110 Stat. 1452 (1996) (amending 26 U.S.C. § 7433(d)(1) to eliminate exhaustion as a prerequisite to recovery and instead to permit courts to reduce damages based on failure to exhaust). But Congress's decision in 1998 to revert to the pre-1996 amendment language clearly demonstrates an intention to mandate exhaustion. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3102(a)(2), 112 Stat. 685.

text.").

The concession by plaintiffs that they have failed to follow the 301.7433-1(e) procedures is therefore dispositive of the motion to dismiss because the language of the TBOR prohibits this Court from awarding plaintiffs their requested relief (i.e., damages) when, as here, failure to exhaust administrative remedies is uncontested.  The only question left to be resolved is a purely procedural one:  whether dismissal of plaintiffs' claim is based on a *jurisdictional* defect or instead based on a pleading deficiency that cannot be cured by amendment.  In other words, is the motion to dismiss properly decided under Rule 12(b)(1) of the Federal Rules of Civil Procedure (dismissal for want of subject-matter jurisdiction) or under Rule 12(b)(6) (failure to state a claim upon which relief may be granted)?  The outcome will be the same regardless of which rule is applied, as the standard for dismissal at this preliminary stage of litigation is the same under either rule -- a motion to dismiss will be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987) -- and that standard has been met here.

That does not mean, however, that this is a distinction without a difference.  Quite the contrary; in many situations, the distinction between a fact that is "jurisdictional" in nature and a fact that instead is an element of a claim may have important consequences for civil litigants.  Indeed, the Supreme Court very recently criticized profligate use of the term "jurisdictional" in court opinions.  See Arbaugh v. Y&H Corp., 126 S.Ct. 1235, 1242 (2006).  Writing for a unanimous Court, Justice Ginsburg cautioned federal courts against issuing "drive-by jurisdictional rulings" that dismiss claims "'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of

subject matter jurisdiction or for failure to state a claim." See id. (quoting Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir. 2000)).

In urging a more meticulous approach to subject-matter jurisdiction, the Supreme Court observed several significant differences between, on the one hand, a jurisdictional requirement and, on the other, an ingredient of a claim for relief -- thereby highlighting some of the pitfalls associated with conflating the concepts. First of all, as a practical matter, it is a defendant's obligation to raise an objection based on a plaintiff's failure to state a claim upon which relief may be granted, whereas courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. at 1244. More fundamentally, subject-matter jurisdiction "involves the court's power to hear a case," and thus it "can never be forfeited or waived" by the defendant. Id.[4] "By contrast, the objection that a complaint 'fail[s] to state a claim upon which relief can be granted,' [under] Rule 12(b)(6), may not be asserted post trial." Id. at 1240. Furthermore, when a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim; if the fact is jurisdictional, the trial judge may be authorized to resolve the factual dispute, but disputes regarding predicate facts for the claim generally are tried to a jury. See id. at 1244. And finally, as the Supreme Court pointed out, dismissal of the only federal claim in a case for want of subject-matter jurisdiction would *require* dismissal of any pendent

---

[4] In fact, a jurisdictional defect that exists at the outset of litigation but goes unobserved for a time may nullify any action taken by the court prior to discovery of the defect. See Arbaugh 126 S.Ct. at 1240 ("The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Tenet v. Doe, 125 S.Ct. 1230, 1235 n.4 (2005) (An appellate court must "address questions pertaining to its or a lower court's jurisdiction before proceeding to the merits.").

state-law claims, but dismissal of that same federal claim under Rule 12(b)(6) would not preclude the trial court from exercising discretionary supplemental jurisdiction over pendent state-law claims.  Id. at 1244-45.  In short, there are several situations where the distinction is meaningful.

Of course, recognizing the importance of the distinction may be easier than drawing the relevant line.  To guide courts in that inquiry, Arbaugh adopted a clear-statement rule:

> [W]e think it the sounder course to ... leave the ball in Congress' court.  If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue.  But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

Id. at 1245 (citation omitted).  Applying that rule here, this Court concludes that the exhaustion requirement of section 7433(d)(1) is nonjurisdictional.  Not only does the statute's exhaustion provision "not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts," Arbaugh, 126 S.Ct. at 1245 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982)), but it also is included within the statute's "Limitations" subsection along with a provision imposing a two-year time bar on damages actions and another provision that permits reduction of awards to account for a plaintiff's failure to mitigate damages -- two provisions that clearly are *not* jurisdictional.  See Arbaugh, 126 S.Ct. at 1242 ("[T]ime prescriptions, however emphatic, 'are not properly typed "jurisdictional."'") (quoting Scarborough v. Principi, 541 U.S. 401, 414 (2004)).  The TBOR is hardly unique in this regard; numerous federal statutes contain exhaustion requirements that are treated as nonjurisdictional.  See, e.g., Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (finding that the exhaustion requirement of Title VII's federal-employment provision, 42 U.S.C. § 2000e-16(c), "is an affirmative defense in the nature of [a] statute of limitations," and thus an exhaustion argument may be forfeited if not timely made).

In reaching this conclusion, the Court recognizes that, in this particular instance, the

determination as to whether the exhaustion requirement implicates subject-matter jurisdiction or the merits of the claim presents an especially close question.  Numerous other courts have treated nonexhaustion under section 7433 as a jurisdictional defect.  See, e.g., Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994) ("[F]ailure to comply [with the 301.7433-1(e) procedures] deprives a court of jurisdiction[.]"); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1993) ("[Plaintiff] may not bring this action against the United States under 26 U.S.C. § 7433 without exhausting her administrative remedies.  She has not done so.  The court lacked jurisdiction to hear her.") (citation omitted); Nogueras-Cartegena v. United States, 125 Fed. Appx. 323, 327 (1st Cir. 2005) (unpublished disposition) ("There is no indication that appellant has complied with [the 301.7433-1(e)] filing guidelines.  ... Accordingly, he has not established jurisdiction, and the complaint was properly dismissed."); Glass v. United States, No. 05-CV-2498, slip op. at 5-6 (D.D.C. Mar. 31, 2006) ("Here, the exhaustion requirement is jurisdictional.  ... Even if the exhaustion requirement in this case were 'non-jurisdictional' in nature, plaintiff would fare no better."); McGuirl v. United States, 360 F. Supp. 2d 125, 128 (D.D.C. 2004) ("[Plaintiffs] offer no evidence that they pursued, let alone exhausted, the *proper* administrative remedies.  ... Thus, the Court does not have jurisdiction under section 7433.").  Cf. McNeil, 508 U.S. at 113 (affirming dismissal of a Federal Tort Claims Act claim for want of subject-matter jurisdiction where plaintiff failed to exhaust administrative remedies).[5]  On balance, however, and in light of the

---

[5] The exhaustion provision of the Federal Tort Claims Act ("FTCA") is analogous -- although certainly not identical -- to the exhaustion provision of the TBOR.  The FTCA provides:
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency[.]

28 U.S.C. § 2675(a).

Supreme Court's admonition in Arbaugh, the Court is inclined to pursue the "sounder course" and "treat the restriction as nonjurisdictional in character," absent a clear statement by Congress to the contrary.  See 126 S.Ct. at 1245.

Accordingly, the Court will grant defendant's motion to dismiss the amended complaint on the grounds that plaintiffs have failed to state a claim upon which relief may be granted and will dismiss the complaint without prejudice.  A separate order has been issued herewith.

                                        /s/ John D. Bates
                                        JOHN D. BATES
                                United States District Judge

Dated:   April 24, 2006

Copies to:

Daniel E. Turner
Donna R. Turner
97 Tower Rd.
Cumming, GA 30040

    *Plaintiffs*

Pat S. Genis
Jason Scott Zarin
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 227
Ben Franklin Station
Washington, DC  20044
Email: pat.genis@usdoj.gov
Email: jason.s.zarin2@usdoj.gov

    *Counsel for defendant*